**Darnell JOHNSON, Plaintiff–Appellant,**

v.

**STATE OF TEXAS, et al.,**
**Defendants–Appellees.**

No. 89–2204
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1989.

Rehearing Denied Aug. 31, 1989.

Darnell Johnson, Lovelady, Tex., pro se.

Before GEE, WILLIAMS and
HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Darnell Johnson filed suit under 42 U.S.C. § 1983 against the State of Texas, Grayson County, Texas, Tanya Marlatt, and Jonathan Kamras. His complaint alleged that he had been falsely imprisoned by the defendants, that he had been reindicted on a charge that had been dismissed for a speedy trial violation, and that the state had used perjured testimony against him. The district court ordered that Johnson's suit be held in abeyance on the inactive docket until Johnson exhausted his habeas corpus remedies. Johnson filed a timely notice of appeal.

The first issue which the Court must face in this case is jurisdictional. Johnson

has appealed from an order of the district court which holds in abeyance his § 1983 civil rights suit pending his exhaustion of state remedies by way of habeas corpus proceedings. The jurisdictional issue is whether such an order is appealable.

There are a number of instances in this circuit in such a case in which we have reversed a decision of the district court and directed it either to issue an abatement order or a dismissal without prejudice. *E.g., Serio v. Members of Louisiana State Board of Pardons,* 821 F.2d 1112, 1119 (5th Cir.1987); *Clark v. Williams,* 693 F.2d 381, 382 (5th Cir.1982); *Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir.1981); *Delaney v. Giarrusso,* 633 F.2d 1126, 1128 (5th Cir.1981).

But in this instance, the district court did what we have directed the district courts to do in cases such as these. The question is whether such an order of abeyance by the district court is appealable. A thorough search of the digests, of the computer data banks, and of the texts reveals to us not a single case considering the appealability of such an order.

▪ Under the recent pronouncement of the Supreme Court in *Gulf Stream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 108 S.Ct. 1133, 1142, 99 L.Ed.2d 296 (1988), the district court's order cannot be treated as appealable under 28 U.S.C. § 1292(a)(1) because it is not in the nature of an injunction and because it does not have the practical effect of "serious, perhaps irreparable, consequences." Such an order might also be appealable under 28 U.S.C. § 1292(b) if the district judge certified the appeal under the standards of that statutory provision. He has not done so.

▪ After careful consideration, we have concluded that appeal from the granting of an abeyance order in such a case as this meets the requirements of the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978), the requirement is that "the order must conclusively determine the disputed ques-

tion, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." We conclude that these requirements are met.

The disputed question is whether the claims made in the § 1983 suit are claims which must be first made the subject of habeas corpus proceedings and the exhaustion of state remedies in those proceedings. The court conclusively determined that issue by holding that the § 1983 claims were subject to the exhaustion requirement. Next, the court resolved an important issue which was completely separate from the merits of the action because the habeas corpus claims are entirely separate claims in the contemplation of law from the civil rights claims based upon the same alleged misconduct of the public officials. Finally, the issue is obviously effectively unreviewable on appeal from a final judgment because once Johnson goes through the requirement of exhausting his state remedies by way of habeas corpus, the issue whether he was required to do so or not will be moot.

This conclusion follows from the court's analysis of the appealability of a stay order or a refusal to grant a stay order in two recent Supreme Court cases. Both of them involve a closely analogous issue. In both cases, the district court was asked to issue a stay of a federal proceeding because parallel proceedings were taking place in the state court. In one case the district court denied a stay and in the other case it granted a stay. The issue before the Supreme Court was whether the orders denying and granting the stay were appealable. In *Gulf Stream Aerospace Corp.,* 485 U.S. at ——, 108 S.Ct. at 1138, the Court held that the denial of a stay in the light of the state litigation was not a conclusive determination within the meaning of the collateral order doctrine because it consisted only of a tentative decision which could be reconsidered as the state litigation continued.

By contrast, in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the district court granted a stay,

and the Supreme Court found that the order was appealable because all three of the requirements were met. The granting of the stay necessarily contemplated that the district court had finally disposed of the issue and would not reconsider intruding in the state proceeding. The stay or abatement granted by the district court in this case had the same requisite finality as the *Moses H. Cone* decision. Johnson was left with no alternative but to proceed to exhaust state remedies without further recourse to the district court before those remedies were exhausted.

The choice made by the district court to hold in abeyance rather than dismiss without prejudice was within its discretion. In *Clark v. Williams*, 693 F.2d at 382, we said: "The judgment of the district court is vacated and the case is remanded for that court to consider whether to dismiss the action as to all defendants without prejudice or whether to hold the action in abeyance pending exhaustion of habeas remedies." While the district court's order in this case is not an obvious final judgment as is a dismissal without prejudice, it placed Johnson in the same situation as if there had been dismissal without prejudice in that he could not return to federal court with his § 1983 claims until he had exhausted state remedies as ordered by the district court. We conclude, therefore, that we have jurisdiction to consider on appeal the granting of the plea in abatement by the district court.

On the merits of the issue of the justification for the granting of the plea in abatement, the law is well established. Johnson claims that he was falsely imprisoned, that he had been reindicted on a charge that had been dismissed for a speedy trial violation, and that in his criminal trial the state had used perjured testimony against him. These are all issues which challenged the validity or length of his confinement. The civil rights claim for such damages must first be subject to the exhaustion of state remedies because the challenge amounts to a habeas corpus proceeding under 28 U.S.C. § 2254. *Fulford v. Kline*, 529 F.2d 377 (5th Cir.1976), *ad-*

*hered to en banc*, 550 F.2d 342 (1977); *Richardson v. Fleming*, 651 F.2d at 373; *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir.1982) (citing a number of other cases from this Circuit to the same effect); *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985); *Serio*, 821 F.2d at 1119.

Johnson, in his supplemental motion on appeal, attached the fact findings of the Texas district court on his state habeas corpus petition. It is not clear if he has exhausted his state remedies by presentation of these claims to the state appellate courts. In any event, he must inform the district court, not this Court, when he has exhausted his state habeas corpus remedies.

Finally, Johnson moved to expedite the appeal in this case, and that motion must be denied as moot.

ABATEMENT PENDING STATE PROCEEDINGS AFFIRMED.

MOTION TO EXPEDITE APPEAL DENIED AS MOOT.