**Amilcar A.J. MARCHETTI,**
**Plaintiff–Appellant,**

v.

**Gary BITTEROLF; Howard D. Baxter; Vernon Childs; Richard J. Garvas; Los Angeles Police Department; The Federal Bureau of Investigation, et al., Defendants–Appellees.**

**No. 91–55095.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 1992.*

Decided July 2, 1992.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

**964**

Amilcar A.J. Marchetti, San Pedro, Cal., in pro. per.

Linda K. Lefkowitz, Asst. City Atty., Los Angeles, Cal., for defendants-appellees Bitterolf, Childs, and the Los Angeles Police Dept.

Marcus M. Kerner, Asst. U.S. Atty., Los Angeles, Cal., and Steven R. Medlin, Legal Counsel Div., Federal Bureau of Investigation, Washington, D.C., for defendants-appellees Ralph C. Hofer, Alan Ducote, and the Federal Bureau of Investigation.

Before: ALARCON, BEEZER, and RYMER, Circuit Judges.

ALARCON, Circuit Judge:

Amilcar A.J. Marchetti appeals in pro se from the order staying his civil rights action filed under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), pending exhaustion of his habeas corpus remedies. Marchetti also appeals from the order staying discovery in this matter.

## I.

Marchetti is currently an inmate at the Federal Correctional Institution in Oxford, Wisconsin. On April 13, 1989, Marchetti filed an action alleging civil rights violations against various government agencies and individuals (hereinafter referred to collectively as the "government defendants") involved in the criminal investigation and prosecution that led to his conviction on narcotics charges. The government defendants include the Los Angeles Police Department (LAPD), the Los Angeles District Attorney's Office, the Federal Bureau of Investigation (FBI), three LAPD officers (Gary Bitterolf, Howard D. Baxter, and Vernon Childs), an FBI agent (Alan Ducote), and an Assistant United States Attorney (Ralph C. Hoffer). Marchetti's complaint alleges that the government defendants manufactured false evidence, suborned perjury, and violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., in effecting his conviction.

The district court ordered that this matter be stayed until he exhausts his habeas corpus remedies. The district court also stayed discovery in this matter pending resolution of various motions filed by the government defendants. Marchetti appeals from the order granting these stays pursuant to 28 U.S.C. § 1292(a)(1) and 28 U.S.C. § 1651.

## II.

Before reaching the merits of this appeal, we must determine whether we have jurisdiction over the order staying Marchetti's civil rights action pending exhaustion of his habeas corpus remedies. In *Young v. Kenny,* 907 F.2d 874 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991), we held that it is error to reach a state prisoner's claim under sec-

tion 1983 whenever the relief requested requires a determination that the prisoner's sentence is invalid. *Id.* at 876. In *Young,* however, we did not reach the question whether a prisoner may seek interlocutory review of the stay of a civil rights action pending resolution of constitutional challenges to the underlying conviction in a habeas corpus proceeding. Thus, we must decide whether we have jurisdiction to review the stay of a civil rights action brought by a *federal* prisoner who seeks damages for deprivation of his constitutional rights in securing his conviction pending habeas corpus review of the same allegations. We must also consider for the first time in this circuit whether a federal prisoner who challenges the validity of his conviction must first pursue his habeas corpus remedies before seeking damages for a deprivation of his civil rights by government officials.

 We conclude that we have jurisdiction to review the order staying this civil rights action under the collateral order exception to the final judgment rule set forth in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). We also hold that a federal prisoner who contends that his conviction is invalid because it was obtained in violation of his constitutional rights must exhaust his habeas corpus remedies before he may prosecute an action for damages to redress the alleged violation of his civil rights.

### III.

Ordinarily, this court has no jurisdiction to consider an appeal until a final judgment resolving the merits of the cause of action has been entered. 28 U.S.C. § 1291. In *Cohen,* the Supreme Court instructed that a collateral order can be reviewed on appeal *prior* to the entry of a final judgment. *Id.* at 545–47, 69 S.Ct. at 1225–26

To come within the collateral order exception to the final judgment rule, the district court ruling must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively

unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted).

In *Johnson v. Texas,* 878 F.2d 904 (5th Cir.1989), the Fifth Circuit held that the requirements of the collateral order exception are met when a district court orders a stay of an action under section 1983 pending exhaustion of habeas corpus remedies:

> The disputed question is whether the claims made in the § 1983 suit are claims which must be first made the subject of habeas corpus proceedings and the exhaustion of state remedies in those proceedings. The court conclusively determined that issue by holding that the § 1983 claims were subject to the exhaustion requirement. Next, the court resolved an important issue which was completely separate from the merits of the action because the habeas corpus claims are entirely separate claims in the contemplation of law from the civil rights claims based upon the same alleged misconduct of the public officials. Finally, this issue is obviously effectively unreviewable on appeal from a final judgment because once Johnson goes through the requirement of exhausting his state remedies by way of habeas corpus, the issue whether he was required to do so or not will be moot.

*Id.* at 905.

The Fifth Circuit's analysis in *Johnson* is supported by two recent United States Supreme Court decisions that examine the applicability of the collateral order exception to an order staying federal proceedings. In *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), the Court held that the denial of a motion to stay a federal cause of action pending similar state court litigation was not appealable because it failed to meet the initial *Cohen* requirement of a conclusive determination of the disputed question. *Id.* at 276–78, 108 S.Ct. at 1136–38. The court explained that:

> *whereas the granting of a [stay or dismissal] necessarily implies an expectation that the state court will resolve the*

*dispute,....* a district court usually will expect to revisit and reassess an order denying a stay in light of events occurring in the normal course of litigation. Because an order denying a [motion to stay or dismiss] is 'inherently tentative' in this critical sense ... the order is not a conclusive determination within the meaning of the collateral-order doctrine and therefore is not appealable under § 1291.

*Id.* at 278, 108 S.Ct. at 1138 (emphasis added).

In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court concluded that the granting of a stay pending the outcome of a parallel state court proceeding was appealable within the collateral order exception. *Id.* at 11, 103 S.Ct. at 934–35. Although the Court recognized that the stay was technically "subject to reopening at the discretion of the district judge," the Court found "no basis to suppose that the District Judge contemplated any reconsideration of his decision to defer to the parallel state-court suit." *Id.* at 12–13, 103 S.Ct. at 935–36 (footnote omitted).

The government defendants argue that the bases for upholding interlocutory review in *Moses H. Cone* and *Johnson* are inapplicable to the instant matter because both of these cases involved a stay pending a factual determination of common issues in a state court proceeding. They contend that immediate interlocutory appellate review was necessary in *Moses H. Cone* and *Johnson* because a stay denied the appellants an evidentiary hearing before a federal trial court.

This argument completely ignores each of the factors set forth in *Cohen.* First, the stay order in this case conclusively determines the question whether the validity of the conviction must be determined in a habeas corpus proceeding. Second, the question regarding the validity of Marchetti's conviction in a habeas corpus proceeding is an important issue that is completely separate from the *merits* of Marchetti's civil rights action. Third, the validity of the stay order would escape review be-

cause of mootness on an appeal from a final judgment in the civil rights action.

Because we conclude that we have jurisdiction of the district court's order under the collateral order exception to section 1291, we do not reach the question whether the stay is appealable under 28 U.S.C. § 1292(a)(1) as an order granting injunctive relief. Our determination of the jurisdictional question also obviates any need to consider Marchetti's request that we treat this appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651. *See, e.g., Silberkleit v. Kantrowitz,* 713 F.2d 433, 434 n. 1 (9th Cir.1983) (mandamus is not appropriate where order may be reviewed on direct appeal).

## IV.

■ We next examine the merits of Marchetti's contention that the district court erred in staying his civil rights action pending exhaustion of his habeas corpus remedies. We review an order granting a stay of a civil proceeding for abuse of discretion. *Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines,* 925 F.2d 1193, 1194 n. 2 (9th Cir.1991).

As we noted above, in *Young v. Kenny* we held that a state prisoner must exhaust his habeas corpus remedies prior to pursuing a civil rights claim "whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long." 907 F.2d at 876. This circuit has not previously decided whether a federal prisoner must exhaust his habeas corpus remedies before seeking damages based on a claim that his conviction resulted from a deprivation of his constitutional rights. The Fifth and Eleventh Circuits have determined that a federal prisoner must exhaust his habeas corpus remedies.

In *Spina v. Aaron,* 821 F.2d 1126 (5th Cir.1987), the Fifth Circuit concluded that "[t]he core issue in determining whether a prisoner must initially pursue relief through habeas corpus rather than a civil rights action is the same whether the prisoner is in state or federal custody: Does he challenge the 'fact or duration' of his con-

finement?" *Id.* at 1128; *see also Solsona v. Warden,* 821 F.2d 1129, 1131 (5th Cir. 1987) (citing *Spina* and holding that a federal prisoner may not properly attack the constitutionality of his conviction in a *Bivens* action when he has not first sought post-conviction relief under 28 U.S.C. § 2255). Similarly, the Eleventh Circuit in *Dees v. Murphy,* 794 F.2d 1543 (11th Cir. 1986), held that "a federal prisoner may not bring a civil rights action directed at the validity of the prisoner's conviction without first exhausting federal habeas corpus remedies." *Id.* at 1545.

We are also persuaded that the crucial factor in determining whether a prisoner must seek habeas corpus relief before pursuing a civil rights action should be the same whether the prisoner is in state or federal custody. As the Fifth Circuit stated in *Spina:*

> Although the policies underlying the system of federal habeas corpus relief granted state prisoners are not identical to those underlying the framework of relief granted federal prisoners, the fact remains that, for both state and federal prisoners, Congress has chosen habeas corpus as the appropriate avenue to challenge the fact or duration of a prisoner's confinement.

821 F.2d at 1128. Allowing a state or federal prisoner to circumvent habeas corpus proceedings by attacking the constitutionality of his conviction through a civil rights action would defeat the will of Congress. *Id.*

In his civil rights action, Marchetti alleges that the defendants suborned perjury, intimidated potential defense witnesses into not testifying on his behalf, and entered into illegal agreements with various witnesses in return for their testimony. To determine the truth of these allegations, the district court would be required to determine whether the underlying conviction was valid. Under such circumstances, the district court must stay the civil rights action pending exhaustion of the prisoner's habeas corpus remedies.

## V.

■ Marchetti also contends that the district court's order staying discovery in his civil rights action is improper and constitutes an abuse of discretion. We lack jurisdiction to conduct an interlocutory review of a discovery order. Pretrial orders governing discovery are not appealable because they are not final. *In re National Mortgage Equity Corp. Mortgage Pool Certificates Litig.,* 821 F.2d 1422, 1423 (9th Cir.1987).

Marchetti requests that we construe his request for review of the discovery order as a writ of mandamus. "Mandamus is an extraordinary remedy to be used only in exceptional circumstances." *City of Las Vegas v. Foley,* 747 F.2d 1294, 1296 (9th Cir.1984). In determining whether to grant mandamus relief, we consider the following factors:

> (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief he desires; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests persistent disregard for the federal rules; and (5) whether the district court's order raises new and important problems or issues of law of first impression.

*Id.*

■ Marchetti has failed to demonstrate that the stay of discovery will damage or prejudice his civil rights action in a way that is not correctable by a reversal on appeal if Marchetti does not prevail at trial. We therefore decline to reach the merits of Marchetti's contention that the stay of discovery was improper.

## CONCLUSION

The district court did not err in granting a stay of Marchetti's civil rights action because the question whether his conviction was obtained in violation of his constitutional rights must first be determined in

a habeas corpus proceeding conducted pursuant to 28 U.S.C. § 2255. The district court, in its discretion, may treat the complaint as a petition for a writ of habeas corpus and resolve those issues in a bifurcated proceeding, prior to reaching the question whether the plaintiff is entitled to damages. *See Tucker v. Carlson,* 925 F.2d 330, 332 (9th Cir.1991) (a district court should treat a combined 42 U.S.C. § 1983 and *Bivens* action brought by a federal prisoner seeking credit for time served in state custody as a habeas corpus petition). The district court is also free to require the prisoner to file a separate petition for habeas corpus if further specificity or clarification regarding the alleged constitutional deprivation is necessary for a proper disposition.

AFFIRMED

BEEZER, concurring.

I concur in the result reached in the court's opinion. I agree that "a federal prisoner who contends that his conviction is invalid because it was obtained in violation of his constitutional rights must exhaust his habeas corpus remedies before he may prosecute an action for damages to redress the alleged violation of his civil rights." The district court correctly stayed Marchetti's civil rights action pending exhaustion of his habeas corpus remedies.

I disagree, however, with the proposition that we have jurisdiction to review the district court's stay order pursuant to *Cohen*'s collateral order exception to the final judgment rule. The *Cohen* requirements are not satisfied. I would treat Marchetti's appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651, and I would deny the petition.

In *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), the Court recognized a "small class" of decisions that are appealable under 28 U.S.C. § 1291 even though they do not terminate the underlying litigation. For *Cohen*'s collateral order exception to apply, the order at issue must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978) (footnote omitted). "If the order at issue fails to satisfy any one of these requirements, it is not appealable under the collateral-order exception to § 1291." *Gulfstream Aerospace Corp. v. Mayacamas,* 485 U.S. 271, 276, 108 S.Ct. 1133, 1136–37, 99 L.Ed.2d 296 (1987).

The stay order entered against Marchetti fails to satisfy all of these requirements. The district court has not entered an important, separate and effectively unreviewable order. The district court has determined that Marchetti's civil rights action alleges deprivations of his constitutional rights in securing his conviction and, therefore, that a federal court should first consider his habeas corpus petition.

The stay order does not foreclose federal review. Marchetti's federal civil rights action is merely stayed while his federal habeas corpus petition proceeds. In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 935, 74 L.Ed.2d 765 (1983), by contrast, the order granting a stay pursuant to *Colorado River* effectively precluded federal court review. *See also Gulfstream* 485 U.S. at 276–77, 108 S.Ct. at 1136–37 (discussing *Moses'* concern with federal court review of federal issues); *Johnson v. Texas,* 878 F.2d 904, 906 (5th Cir.1989) (expressing concern that stay would deny the appellant an evidentiary hearing before a federal trial court).

The stay order entered against Marchetti does not meet the *Cohen* factors and does not warrant an extension of the collateral order exception. As Justice Scalia stated in his concurrence in *Gulfstream,* "our finality jurisprudence is sorely in need of further limiting principles, so that *Cohen* appeals will be, as we originally announced they would be, a 'small class [of decisions] ... too important to be denied review.'" 485 U.S. at 292, 108 S.Ct. at 1145 (Scalia, J., concurring) (quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1226).

Marchetti is not without recourse. Assuming that the stay order is not appealable, we should then treat Marchetti's appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651. *Hartland v. Alaska Airlines*, 544 F.2d 992, 1001 (9th Cir. 1976). The basis for such a petition would be that the district court misperceived the claims raised in the civil rights action. In this case, Marchetti's claims are related to the basis of his conviction, so the stay order was properly entered. A writ of mandamus should not issue.