990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David CHRISTOFFEL, Plaintiff-Appellant,
v.
Clyde BENZENHOEFER, et al., Defendant-Appellee.
 No. 92-16895.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 19, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Christoffel, a federal prisoner, appeals pro se the district court's stay of his 42 U.S.C. § 1983 civil rights complaint in order to allow Christoffel to exhaust his habeas corpus remedies. Christoffel contends that the district court erred by staying his civil rights action and ordering him to first exhaust his 28 U.S.C. § 2255 remedies.
 
 
 3
 "We have jurisdiction to review an order staying a civil rights action under the collateral order exception to the final judgment rule...." Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir.1992). We review for an abuse of discretion, Marchetti v. Bitterolf, 968 F.2d 963, 966 (9th Cir.1992), and we affirm.
 
 
 4
 "[A] federal prisoner who contends that his conviction is invalid because it was obtained in violation of his constitutional rights must exhaust his habeas corpus remedies before he may prosecute an action for damages to redress the alleged violation of his civil rights." Marchetti, 968 F.2d at 965. Thus, when a prisoner brings a section 1983 action seeking habeas relief, the district court will construe his claim as a habeas petition and stay his civil rights claim until he exhausts his habeas remedies. Young v. Kenny, 907 F.2d 874, 875-78 (9th Cir.1990), cert. denied, 111 SCt. 1090 (1991).
 
 
 5
 Here, Christoffel filed a civil rights action alleging that his fourth amendment rights were violated at the time of his arrest. In his action, he named as defendants the law enforcement officers involved in his arrest and seizure. The district court stayed the civil rights action and held that Christoffel must first file a 28 U.S.C. § 2255 motion in order to determine whether his conviction was obtained in violation of his constitutional rights.
 
 
 6
 Christoffel alleged that his constitutional rights were violated during his arrest, and therefore he must exhaust his federal habeas remedies before he can continue with his civil rights claim. See Marchetti, 968 F.2d at 965-67. The district court properly stayed his civil rights action in order to allow Christoffel to proceed with his section 2255 motion. See id. at 967; Young, 907 F.2d at 878.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3