12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donnell Larry SIMS, Plaintiff-Appellant,
v.
SUPERIOR COURT OF the STATE OF CALIFORNIA; George Smith,
Warden of Corcoran; Daniel E. Lungren, Attorney
General for the State of California,
Defendants-Appellees.
 No. 93-55685.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donnell Larry Sims, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint without prejudice.[1] Sims contends that his constitutional rights were violated because he did not receive a fair trial. We have jurisdiction under 28 U.S.C. Sec. 1291 and review de novo. See Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987). We affirm.
 
 
 3
 A state prisoner's sole federal remedy for challenging the fact or duration of his confinement is a writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1990), cert. denied, 498 U.S. 1126 (1991). When a prisoner files a pro se section 1983 complaint seeking relief available only under habeas corpus, the district court should construe the complaint to that extent as a habeas petition and require exhaustion of state remedies. See Marchetti v. Bitterolf, 968 F.2d 963, 967-68 (9th Cir.1992). If the prisoner has not exhausted all available state court remedies, the district court may dismiss the habeas claims. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir.1984). However, the district court must stay any remaining section 1983 claims pending exhaustion of state remedies. Young, 907 F.2d at 878.
 
 
 4
 Sims alleges that (1) his trial counsel was ineffective because counsel continued the case without his consent, (2) the trial judge refused to remove his counsel at his request and failed to instruct the jury on a lesser offense, and (3) the jury convicted him on insufficient evidence. Because the district court must adjudicate the validity of the state court's conviction to determine the truth of these allegations, habeas corpus is the proper remedy. See Marchetti, 968 F.2d at 967 (if judgement on the allegations of a civil rights complaint would require a determination of the validity of the underlying conviction, prisoner must seek habeas corpus relief). Further, Sims's remedy lies in habeas corpus because he is seeking release from confinement rather than monetary damages. See Ybarra, 723 F.2d at 681. Accordingly, the district court properly construed Sims's complaint as a habeas corpus petition. See Young, 907 F.2d at 876. Because the record demonstrates that Sims has not exhausted available state remedies, the district court correctly dismissed his action without prejudice. See Ybarra, 773 F.2d at 682.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court gave Sims an opportunity to amend his civil rights complaint once
 
 
 [2]
 Sims alleges that the trial judge demonstrated bias against him by failing to give correct jury instructions and remove his counsel at his request. Although this allegation is arguably cognizable under section 1983, see Pulliam v. Allen, 466 U.S. 522, 541 (1984), reversal of a state conviction is not proper relief under section 1983. See Ybarra, 732 F.2d at 681. Even if Sims is allowed to amend his complaint to seek monetary damages, the judge is immune from section 1983 liability for damages for his judicial acts. See Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Therefore, Sims has no viable section 1983 claims that must be stayed pending exhaustion of state remedies. See Marchetti, 968 F.2d at 967