28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Gene GREY, Plaintiff-Appellant,
v.
Ted RUTT; Pierce County Sheriffs Department; Starlene
Hicks; et al., Defendants-Appellees.
 No. 93-35940.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Gene Grey, a Washington state prisoner, appeals pro se the district court's order dismissing his claims against certain defendants and staying the remainder of his claims pending exhaustion of state remedies in his 42 U.S.C. Sec. 1983 action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review for abuse of discretion.[1] Marchetti v. Bitterolf, 968 F.2d 963, 967 (9th Cir.1992). We affirm.
 
 
 3
 When a state prisoner challenges the fact or duration of his confinement, his exclusive federal remedy is a writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). When a prisoner files a pro se section 1983 complaint seeking damages based on a claim that his conviction resulted from a deprivation of his constitutional rights, the district court must stay the civil rights action pending exhaustion of state remedies. Marchetti, 968 F.2d at 967.
 
 
 4
 Here, Grey alleges that the defendants conspired to deprive him of his due process and equal protection rights, and his right to represent himself at trial. He contends that he was denied a fair trial, and that his conviction is therefore invalid. He seeks damages and injunctive relief from each defendant. Because the district court would necessarily have to adjudicate the validity of Grey's conviction to decide these claims, the district court properly stayed Grey's action pending exhaustion of state remedies. See id.; Young, 907 F.2d at 878.
 
 
 5
 The district court dismissed Grey's claims against defendants Rutt, Doe, Gorbaty, and Moore. Rutt and Doe are clerks in the Pierce County court, and Gorbaty and Moore are prosecutors in Pierce County. Grey claimed that Rutt and Doe misfiled and refused to file motions, and switched tags on exhibits at trial. Grey claimed that the prosecutor defendants refused to provide him with discovery material, tampered with evidence, and otherwise deprived him of a fair trial.
 
 
 6
 Gorbaty and Moore are entitled to absolute immunity. See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (prosecutors are entitled to absolute immunity for quasi-judicial acts taken within the scope of their authority). Rutt and Doe are similarly entitled to absolute immunity for performing tasks that are an integral part of the judicial process, such as filing motions. See Mullis v. United States Bankruptcy Ct. for the District of Nevada, 828 F.2d 1385, 1390 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). Accordingly, the district court properly dismissed Grey's claims against these defendants.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Grey submitted a notice of appeal to the district court after the magistrate judge issued a report and recommendation, but prior to the district court's order and judgment adopting the magistrate judge's report. However, the district court did not file the notice of appeal until the final order was entered. Therefore, although Grey's notice of appeal was submitted prematurely, it was timely filed. See Fed.R.App.P. 4