28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clairen M. PAINE, Plaintiff-Appellant,
v.
Joan G. RUFFENNACH, et al., Defendants-Appellees.
 No. 93-16765.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clairen M. Paine, a federal prisoner, appeals pro se the district court's order dismissing nine out of ten defendants he named in his civil rights action, and staying his Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) claim. Paine alleges that the defendants violated his rights under 42 U.S.C. Sec. 1985, 18 U.S.C. Sec. 1961 and Bivens by: (a) conspiring to prosecute him under a defective indictment; (b) subjecting him to double jeopardy; (c) violating his due process rights; (d) subjecting him to cruel and unusual punishment; and (e) wrongfully withholding his mail. We have jurisdiction under 28 U.S.C. Sec. 1291 to review the district court's stay of Paine's Bivens claim. See Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir.1992) (an order staying a civil rights action is appealable under the collateral order exception to the final judgment rule); Marchetti v. Bitterolf, 968 F.2d 963, 965 (9th Cir.1992) (same). We affirm.
 
 
 3
 We raise sua sponte the issue of our jurisdiction to review the district court's order dismissing nine out of ten defendants Paine named in his civil rights action. See Abernathy v. Southern California Edison, 885 F.2d 525, 527 (9th Cir.1989). Pursuant to 28 U.S.C. Sec. 1291, we have jurisdiction over appeals from final orders of the district court. A district court order dismissing an action as to only some of the defendants is not a final order pursuant to Sec. 1291. Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 554 (9th Cir.1986), cert. denied, 484 U.S. 822 (1987).
 
 
 4
 Here, the district court dismissed nine of the ten defendants Paine named in his complaint.[1] Because the order did not dismiss all the defendants, nor enter a judgment in compliance with Fed.R.Civ.P. 54(b), the order is not final and we therefore lack jurisdiction to consider Paine's appeal of the district court's order dismissing nine of the defendants he named in his action at this time. See 28 U.S.C. Sec. 1291; Fed.R.Civ.P. 54(b); Unioil, Inc., 809 F.2d at 554.
 
 Stay of Bivens claim:
 
 5
 We review the district court's order staying Paine's Bivens claim for abuse of discretion. Marchetti, 968 F.2d at 966.
 
 
 6
 While claims affecting the conditions of confinement are cognizable under Bivens, it is well settled that relief affecting the fact or duration of confinement is cognizable only upon application for writ of habeas corpus. Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). "[H]abeas must be the exclusive federal remedy not just when a state prisoner requests the invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long." Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990), cert. denied, 498 U.S. 1126 (1991). Therefore, a federal prisoner must exhaust his habeas corpus remedies before seeking damages based on a claim that his conviction resulted from a deprivation of his constitutional rights. Marchetti, 968 F.2d at 966.
 
 
 7
 Here, in his Bivens action, Paine contends that his convictions for making a false statement, student aid fraud and misuse of a Social Security number were obtained in violation of his due process rights. Because he is challenging the constitutionality of his convictions through a civil rights action, and because he failed to show that he exhausted his habeas corpus remedies, the district court was required to stay the civil rights action pending the exhaustion of his habeas corpus remedies. See Marchetti, 968 F.2d at 966-67; Young, 907 F.2d at 876. Thus, the court did not abuse its discretion when it ordered a stay of Paine's Bivens claim pending the conclusion of his habeas remedies. See Marchetti, 968 F.2d at 966.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed defendants United States of America, U.S. Attorney Ruffennach, U.S. Department of Education, U.S. Probation Department, Probation Officer Yeager, Attorney at Law Kyman, U.S. Postal Service, Postal Inspector Vargas, and Postal Inspector Macho. Only defendant Dinah P. Shaw, aka Dinah P. Martinez, special investigator for U.S. Department of Education remains as the sole defendant in this action