141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John GARFIELD, Plaintiff-Appellant,
v.
James W. NIELSEN; John Gillis; Carol Bently; Steven
Baker; Ronald Koenig; Manual Guaderrama; C.
Brown; Ted Rich; Thomas Giaquinto;
Pete Wilson, Defendants-Appellees.
 No. 97-15554.
D.C. No. CV-96-01996-WBS.
 United States Court of Appeals,
 Ninth Circuit.
.
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Garfield, a California state prisoner, appeals pro se the district court's order staying his 42 U.S.C. § 1983 action challenging parole determination procedures pending Garfield's exhaustion of state remedies. We have jurisdiction pursuant to the collateral order exception to the final judgment rule. See Marchetti v. Bitterolf, 968 F.2d 963, 965 (9th Cir.1992).[1] We vacate the district court's order and remand the case for further proceedings.
 
 
 3
 Garfield challenges the denial of his parole on the ground that the parole board relied on an inaccurate psychological profile and on the ground that the parole board consists of biased, politically motivated decision-makers. Garfield seeks damages for the denial of his parole, a declaratory judgment stating that the process violates the Constitution, and an injunction altering the parole determination process.
 
 
 4
 Garfield's claims for compensatory and declaratory relief are not cognizable under § 1983. See Edwards v. Balisok, 520 U.S. 641, ----, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir.1997). Because these claims are not cognizable, they should be dismissed without prejudice instead of stayed pending exhaustion of state remedies. See Edwards, 520 U.S. at ----, 117 S.Ct. at 1589; Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam). Accordingly, we vacate the district court's order staying these claims and remand for the district court to dismiss them without prejudice.
 
 
 5
 Garfield's claim for prospective injunctive relief, however, should be allowed to proceed under § 1983. See Edwards, 520 U.S. at ----, 117 S.Ct. at 1589; see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir.1997). Accordingly, we vacate the district court's order staying this claim and remand so that this claim may proceed.
 
 
 6
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Garfield amended his complaint after the magistrate judge issued his report and recommendation. We have considered the allegations and claims for relief in Garfield's amended complaint in disposing of this appeal