IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41263
Summary Calendar
_____


STEVE ALAN BAKER et al.,

                                        Plaintiffs,


STEVE ALAN BAKER,

                                        Plaintiff-Appellant,

versus

STATE OF TEXAS; TEXAS BOARD OF CRIMINAL JUSTICE; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION
COMPANY DEPARTMENTS; UT MEDICAL BRANCH; MANAGED HEALTH CARE
SYSTEM, et al.,

                                        Defendants-Appellees.


--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-692
--------------------

October 27, 1999

Before GARWOOD, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     The district court ordered that Steve Alan Baker's (#632428)

civil rights action be held in abeyance because Baker became mute

and could not give testimony during hearings held pursuant to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). Baker has appealed. The district court's order is an appealable interlocutory order under the collateral-order doctrine. <u>See</u> <u>Johnson v. State of Texas</u>, 878 F.2d 904, 905-06 (5th Cir. 1989).

We review the district court's order, which adopted the findings and conclusions contained in the report and recommendation of the magistrate judge, for an abuse of discretion. <u>See</u> <u>id.</u> at 906. Although the magistrate judge noted that administrative closure is appropriate "if circumstances prevent a lawsuit from proceeding" and "only 'as a last resort after all other alternatives . . . have been rejected,'" <u>see</u> <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 461 n.3 (5th Cir. 1998), she did not explain why the lawsuit cannot proceed because of Baker's muteness and did not expressly consider and reject other alternatives.

The <u>Spears</u> procedure is itself an alternative to requiring responses to written questions. <u>See</u> <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). Although the magistrate judge stated that she was "unable to determine whether Plaintiff even had stated a cause of action, which it why this Court attempted to conduct a *Spears* hearing," she did not explain how the complaint is inadequate and why those inadequacies could not be fleshed out through written interrogatories. The district court's order is VACATED, and the case is REMANDED for further proceedings.

VACATED AND REMANDED.