**NEUCHATEL SWISS GENERAL INSURANCE COMPANY, et al., Plaintiffs,**

**and**

**Express Transports S.A., Plaintiff–Appellant,**

**v.**

**LUFTHANSA AIRLINES; Deutsche Lufthansa A.G., Defendants–Appellees.**

**No. 89–55851.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1990.

Decided Feb. 19, 1991.

**1194**

Dennis J. Seider and James V. Doiron, Seider & Cohan, Los Angeles, Cal., for plaintiff-appellant.

James L. Oberman and Robert Fremlin, Lillick & Charles, San Francisco, Cal., for defendants-appellees.

Before ALARCON and NORRIS, Circuit Judges, and GEORGE,* District Judge.

* Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

1. The district court had federal question jurisdiction under the Warsaw Convention. 49 U.S.C. § 1502 (1976), note, Article 14. The district court's order staying the action is a final order appealable under 28 U.S.C. § 1291. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corporation,* 460 U.S. 1, 10, 103 S.Ct. 927, 933, 74 L.Ed.2d 765 (1983).

WILLIAM A. NORRIS, Circuit Judge:

 This appeal involves an ordinary commercial dispute over the loss of cargo consisting of a sealed carton of gold and jewels, which was transformed, as if by alchemy, into a bag of lead by the end of its international journey. The district court, relying upon *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), entered an order staying the action pending the outcome of parallel judicial proceedings in Geneva, Switzerland.[1] We reverse the stay order because of the absence of "exceptional circumstances" required by *Colorado River* to justify a district court's refusal to exercise jurisdiction in deference to parallel proceedings in another jurisdiction.[2]

In *Colorado River,* the Supreme Court restated the fundamental principle that absent "exceptional circumstances," federal courts have an obligation to exercise their jurisdiction concurrently with other courts. *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246. In *Colorado River,* the Court held that such "exceptional circumstances" existed when competing water rights in a single river system were being adjudicated in parallel federal and state actions. The Court gave two principal reasons for its holding: (1) "Wise judicial administration" militates in favor of unified adjudication of disputes over a single res, *id.* at 817–18, 96 S.Ct. at 1246–47, and (2) Congress had evinced an intent to avoid piecemeal adjudication of water rights by waiving the federal government's immunity from suit in state court water rights cases. *Id.* at 819, 96 S.Ct. at 1247.

In *Moses H. Cone Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74

2. We review the stay order for abuse of discretion, which "'must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved.'" *American Int'l Underwriters v. Continental Ins.,* 843 F.2d 1253, 1256 (9th Cir.1988) (quoting *C–Y Dev. Co. v. City of Redlands,* 703 F.2d 375, 377 (9th Cir. 1983)).

L.Ed.2d 765 (1983), the Supreme Court cautioned against a mechanical application of *Colorado River,* stressing that the "setting of the case" must be kept in clear view in determining whether "exceptional circumstances" exist to justify a district court order staying an action in deference to parallel state court proceedings. *Id.* at 16, 103 S.Ct. at 937. In *Moses H. Cone,* the Court reversed a district court order staying an action to compel arbitration in deference to state court proceedings which had enjoined arbitration. In doing so, the Court was careful to limit the reach of the *Colorado River* abstention doctrine to exceptional cases. *Id.* at 19, 103 S.Ct. at 938.

In this case, as in *Moses H. Cone,* there are no "exceptional circumstances" justifying the invocation of the *Colorado River* abstention doctrine. What we have here is an unexceptional commercial dispute involving the owner of a lost cargo, the consignee of the cargo, the cargo's insurer, and the air carrier to whom the cargo was entrusted. The district court pointed to no circumstances warranting a refusal to exercise jurisdiction except that "there have been certain procedures taken there over and above what has been ... happening here." Reporter's Transcript at 8. Even if the litigants had made somewhat more progress in Geneva than in the district court by the time the stay motion was heard, the mere fact that parallel proceedings may be further along does not make a case "exceptional" for the purpose of invoking the *Colorado River* exception to the general rule that federal courts must exercise their jurisdiction concurrently with courts of other jurisdictions. As we said in *Tovar v. Billmeyer,* 609 F.2d 1291 (9th Cir.1979), "conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to ... federal relief." *Id.* at 1293. More recently, in *Travelers Indemnity Co. v. Madonna,* 914 F.2d 1364, 1369 (9th Cir.1990), we reversed a district court stay order imposed to avoid "piecemeal litigation." We stated:

> A correct evaluation of this factor involves considering whether exceptional circumstances exist which justify special

concern about piecemeal litigation. [Appellant] argues that there are no such circumstances here. It points out that no federal legislation evincing a federal policy to avoid piecemeal litigation is applicable. This case involves ordinary contract and tort issues and is thus unlike *Colorado River* where important real property rights were at stake and where there was a substantial danger of inconsistent judgments. Here there is no 'vastly more comprehensive' state action that can adjudicate the rights of many parties or the disposition of much property.

Finally, the fact that the parallel proceedings are pending in a foreign jurisdiction rather than in a state court is immaterial. We reject the notion that a federal court owes greater deference to foreign courts than to our own state courts. *Accord, Ingersoll Milling Mach. Co. v. Granger,* 833 F.2d 680, 684–85 (7th Cir.1987).

The district court's stay order is VACATED and the case is REMANDED for further proceedings.