990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathaniel TEDDIE, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendants-Appellees.
 No. 91-15338.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 9, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nathaniel Teddie and three other California state prisoners filed a pro se action under 42 U.S.C. § 1983, based on prison disciplinary proceedings conducted after the inmates tested positive in drug tests. The district court stayed the § 1983 action pending exhaustion of state habeas corpus proceedings. We have jurisdiction to review the order staying the action under the collateral order exception to the final judgment rule. Marchetti v. Bitterolf, 968 F.2d 963, 964-65 (9th Cir.1992). We reverse and remand to the district court for further findings consistent with this disposition.
 
 
 3
 We review the district court's stay order for an abuse of discretion. Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1194 n. 2 (9th Cir.1991). For the reasons stated in this court's disposition in Massey v. Rowland, No. 91-15267 (Jan. 19, 1993) (unpublished disposition), the companion to this appeal arising out of the same order in the same action, we find that the district court erred in assuming that the contested disciplinary proceedings necessarily affected the ultimate duration of the plaintiffs' sentences.
 
 
 4
 In Massey, this court held that, if the plaintiffs were serving fixed sentences and the restoration of good time credits revoked as a result of the disciplinary action would automatically lead to a reduction in the duration of the sentence, habeas corpus would be the proper avenue for relief. If the sentences were indeterminate, however, or otherwise unaffected by the restoration of good time credits, then the district court abused its discretion in requiring the plaintiffs to exhaust state habeas corpus remedies. This court reversed and remanded for specific findings consistent with its opinion.
 
 
 5
 This appeal arises out of the same order in the same district court action as the order reversed in Massey. Appellant is one of Massey's co-plaintiffs in the action below. Appellant has relied solely on the opening brief filed by Massey in 91-15267 as his brief in this appeal. There is no appearance for appellees. Consequently, this appeal presents the identical issues addressed in Massey, and leaves the same questions unresolved. Therefore, for the reasons stated in Massey, the district court's stay order is reversed and this appeal is remanded for further findings consistent with these dispositions.
 
 REVERSED and REMANDED
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3