61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NCR CORPORATION, a foreign corporation, Plaintiff-Appellant,
v.
HAYES CHILDREN LEASING COMPANY and Automatic Rain Company,
Inc., Defendants-Appellees.
 No. 94-16996.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1995.
Decided July 24, 1995.
 
 Before: TANG,* SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 NCR Corporation ("NCR") appeals the district court's denial, on Colorado River abstention grounds, of its Motion to Lift the Stay and to Compel Arbitration. We vacate and remand the district court's denial.
 
 I. Jurisdiction
 
 3
 We first decline the invitation of Hayes Children Leasing Company and Automatic Rain Company ("Hayes and ARC") to overturn the order of the motions panel denying their motion to dismiss this appeal for lack of jurisdiction. An appeal may be taken from an order denying a petition under 9 U.S.C. Sec. 4 to order arbitration to proceed. 9 U.S.C. Sec. 16(a)(1)(B). The district court issued several orders relevant to this issue, but it never ruled on NCR's motion to compel arbitration until its final, November 3, 1994 order. CR 82. Thus we conclude we have jurisdiction over NCR's appeal from the November order.[1]
 
 II. Colorado River/Moses H. Cone Abstention
 
 4
 We next decide whether the district court abused its discretion in abstaining[2] from exercising jurisdiction over NCR's petition and motion to compel arbitration ostensibly for "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (internal quotation and bracket omitted). We conclude, after a de novo review of the record, that the district court abused its discretion in denying NCR's motion.
 
 
 5
 This is an unexceptional contract dispute, a garden variety case concerning a petition to compel arbitration. With all respect to the district court, it should have asserted jurisdiction over this matter and promptly disposed of it forthwith. It should not have declined to rule on the petition to compel arbitration for approximately nine months, and it should not have denied the motion to compel. Unless the district court's order is vacated and remanded, NCR could be disabled from engaging in the arbitration of its disputes with Hayes and ARC, even though NCR did nothing wrong. We conclude this case is not appropriate for abstention.
 
 
 6
 First, a Colorado River abstention was unwarranted. The only factor now perhaps justifying the abstention is the fourth factor, concerning the order in which jurisdiction was obtained by the concurrent fora, and the relative progress in the parallel state case. But even if the California state court action has progressed "well ahead" of the federal action, for whatever reason, that is insufficient to trigger a Colorado River abstention. See Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1195 (9th Cir.1991) ("the mere fact that parallel proceedings may be further along does not make a case 'exceptional' for the purpose of invoking the Colorado River exception to the general rule that federal courts must exercise their jurisdiction concurrently with courts of other jurisdictions").
 
 
 7
 Furthermore, the proceedings in the California courts have progressed "well ahead" of those before the district court precisely because the district court refused to act. NCR petitioned the federal district court under the Federal Arbitration Act ("FAA") to compel arbitration pursuant to its Universal Agreements with Hayes and ARC. It did so as soon as it practicably could, once it had notice of the state action filed by Hayes and ARC. Until the state court action was filed, NCR could not be sure that Hayes and ARC would repudiate their apparent duty under the Universal Agreements to arbitrate disputes. Cf. Snap-On Tools Corp. v. Mason, 18 F.3d 1261, 1266 (5th Cir.1994). Petitions to compel arbitration commonly arise by a filing of a state court action. See, e.g., Moses H. Cone, 460 U.S. 1 (1983); Snap-On Tools, 18 F.3d 1261 (5th Cir.1994). The mere fact that the California state courts first asserted jurisdiction over this case means nothing in the context of a petition to compel arbitration where the cause of action does not arise until the respondent files a state court action.
 
 
 8
 At every juncture, the district court waited to see how the state courts would rule. Perhaps the district court did so in an effort to avoid ruling on a potentially moot issue: if the state courts compelled arbitration, that would be the end of the matter. When the state trial court denied NCR's motions to compel arbitration, however, the district court should have exercised its jurisdiction and reached the merits of the arbitrability issue. Hayes and ARC's preemptive filing of the state court action and the district court's failure to act promptly should not now inure to the benefit of Hayes and ARC.
 
 
 9
 All the other Moses H. Cone/Colorado River factors similarly weigh against abstention. The first and second factors are irrelevant to the analysis. The third factor, the avoidance of piecemeal litigation, has already been discussed and foreclosed by Moses H. Cone. In both Colorado River and Moses H. Cone, the most important factor influencing the United States Supreme Court's decision was the existence of a federal policy weighing either for or against abstention. In Colorado River, the most important factor in the Supreme Court's decision to approve abstention was the McCarren Amendment, which manifests a federal policy of avoiding piecemeal adjudication of water rights within a river system. Colorado River, 424 U.S. at 819. In Moses H. Cone the federal policy to afford speedy movement of certain actions out of the courts and into arbitration appeared to be threatened by concurrent state court action. This threat to the federal policy played a significant role in the Supreme Court's conclusion that abstention was inappropriate. Moses H. Cone, 460 U.S. at 19-21. Accordingly, the federal policy of encouraging arbitration even if piecemeal litigation occurs weighs against abstention in this case. Even if piecemeal litigation results, for example, because the claims against the NCR employees may not be arbitrable, that is the inevitable and anticipated result of the congressional policy strongly favoring arbitration. Moses H. Cone, 460 U.S. at 20. We conclude this factor weighs almost preclusively against abstention.[3]
 
 
 10
 The fifth factor weighs against abstention because federal law provides the rule of decision. The rule of decision in a case concerning a petition to compel arbitration is governed by federal law, the FAA, and by the strong congressional policy in favor of arbitration. See generally Moses H. Cone. Hence the issue of arbitrability is an issue of federal law. Furthermore, "the presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." Moses H. Cone, 460 U.S. at 26.
 
 
 11
 Moreover, the fact that the issue before the federal district court was an issue of state law does not weigh against the district court's asserting jurisdiction over the matter. If we were to permit district courts to abstain for Colorado River reasons whenever they were called upon to decide whether parties had agreed to arbitrate disputes, we would be turning the FAA on its head, because that is always the issue to be decided by the district court. Thus the fact that the district court would have to, as a matter of federal law, determine under state law whether Hayes and ARC agreed to arbitrate any disputes with NCR does not support any notion that the state courts would somehow be better at this than the federal courts.
 
 
 12
 The sixth factor, whether the state court proceeding will be inadequate to protect NCR's rights, ostensibly weighs in favor of abstention. The United States Supreme Court, in Moses H. Cone, noted that California had concluded that its courts must issue section 4 orders to arbitrate where the section's conditions are met. Moses H. Cone, 460 U.S. at 26, n. 35 (citing Main v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 67 Cal.App.3d 19, 24-25 (1977)). Therefore, even if the United States Supreme Court has not decided whether sections 3 and 4 of the FAA apply in state courts, the California courts appear adequate to protect NCR's rights. The adequacy of state court proceedings, however, carries little weight in light of the other factors weighing against abstention.
 
 
 13
 Finally, the seventh factor weighs against abstention. NCR has demonstrated no tendency for forum-shopping between the federal court and the state court; indeed, its goal at all times has been to remove the litigation from any court and proceed to arbitration. NCR filed its petition with the district court as soon as it had notice of the pendency of the state court action, and apparently before any progress had occurred in that action. Nevertheless, it was bound to defend itself against the action brought by Hayes and ARC in the California courts. Furthermore, NCR could not remove the state court action because Hayes and ARC named individual employees of NCR who are California citizens as defendants. Thus this is not a case in which NCR has been dilatory in seeking arbitration or has failed to remove the action to federal court to pursue its rights under the FAA. Cf. Ultracashmere House, Ltd. v. Meyer, 664 F.2d 1176 (11th Cir.1981). In sum, from the outset of this dispute, NCR has manifested its desire to enforce the arbitration clause of the Universal Agreements.
 
 
 14
 Moreover, it is not due to any action on the part of NCR that the state court proceedings progressed as far as they have. NCR appears to have acted as promptly as possible at every stage of this litigation. It was the district court which initially declined to rule on NCR's petition because of the pendency of the state court action. But it was this very pendency of the state court action which gave rise to NCR's cause of action against Hayes and ARC for refusing to arbitrate. We conclude that NCR is not forum-shopping in an effort to circumvent adverse decisions in state court. Instead, it is attempting to assert its rights pursuant to the FAA, rights which in this case arise at least in part as a result of the suit pending in state court.
 
 
 15
 In sum, we conclude that the relevant factors weigh against abstention, and that the district court should not have abstained.
 
 III. Conclusion
 
 16
 Under a review for an abuse of discretion, we must uphold the order of the district court unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. See United States v. Plainbull, 957 F.2d 724, 725 (9th Cir.1992). Because we find an abuse of discretion, we VACATE the decision of the district court to deny the motion to compel arbitration. We remand the matter to the district court for further proceedings not inconsistent with our decision.
 
 
 17
 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 Judge Tang concurred in the result, but died before this opinion was filed
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hayes and ARC also argue that federal jurisdiction does not exist because the NCR employees are indispensable to the litigation under Fed.R.Civ.P. 19 ("Rule 19"). Hayes and ARC maintain that because some of the NCR employees reside in California, the state in which Hayes and ARC are based, those employees destroy complete diversity. Hayes and ARC's argument to defeat federal jurisdiction is unavailing. Under Rule 19, party joinder is required if, "in the person's absence[,] complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a)(1). This threshold joinder requirement has not been met. The existence of a state suit against the NCR employees does not make them "indispensable" to a federal court suit to compel arbitration
 
 
 [2]
 Although commonly referred to as an abstention doctrine, the United State Supreme Court has apparently flatly rejected this categorization. See 17A Charles Alan Wright et al., Federal Practice and Procedure Sec. 4247, at 133, 150-51 (1988). We will use the term "abstention."
 
 
 [3]
 We also note that the existence of a state suit against the NCR employees would not necessarily make them "indispensable" to a federal court suit to compel arbitration. While any suit against the NCR employees would necessarily take place in another forum if the employees do not consent to arbitration, this result would not warrant abstention. Moses H. Cone, 460 U.S. at 19-21; Snap-On Tools, 18 F.3d at 1267. Furthermore, the employees have indicated their willingness to participate in the arbitration by moving in state court to compel arbitration. Even if they decide not to join in NCR's arbitration, the piecemeal litigation which will result is, again, the sometimes inevitable result of the congressional policy strongly favoring arbitration. See Snap-On Tools, 18 F.3d at 1265