80 F.3d 376
 96 Cal. Daily Op. Serv. 2273
 Charles Laverne ALEXANDER, II, Plaintiff-Appellant,
v.
STATE OF ARIZONA; Travis Badgett; Samuel Lewis; Cecil
Terry Massey, Defendants-Appellees.
Mark HESSELGRAVE, Plaintiff-Appellant,
v.
STATE OF ARIZONA; Percy Howard; Moses, Nurse, Defendants-Appellees.
 Nos. 96-15280, 96-15291.
 United States Court of Appeals,
Ninth Circuit.
 Submitted to Motions Panel March 26, 1996.*
Decided April 3, 1996.
 
 Charles LaVerne Alexander, II, Florence, Arizona, plaintiff-appellant Pro Se.
 Mark Hesselgrave, Florence, Arizona, plaintiff-appellant Pro Se.
 No appearance for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona, No. CV-96-40-WPC; William P. Copple, District Judge, Presiding.
 Before: GOODWIN, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 ORDER
 
 1
 These appeals seek to challenge the district court's orders staying proceedings for a limited time to require exhaustion of prison administrative proceedings pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997e. We find that this court lacks jurisdiction over these appeals and we dismiss accordingly.
 
 
 2
 Appellants cite to this court's decision in Marchetti v. Bitterolf, 968 F.2d 963 (9th Cir.1992) in their notices of appeal to support jurisdiction. Appellants' reliance on Marchetti is misplaced. In that case, this court held that an order indefinitely staying a civil rights action to permit exhaustion of state habeas corpus remedies was appealable under the collateral order doctrine established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). This holding was based on explicit findings that the order conclusively determined a disputed question, resolved an important issue separate from the merits of the action, and was effectively unreviewable on appeal. Marchetti, 968 F.2d at 965.
 
 
 3
 We hold that the district court's orders staying appellants' civil rights actions for 90 days to permit exhaustion of administrative remedies satisfies none of the three prongs required to permit interlocutory review, and that this court lacks jurisdiction to review such an order prior to the entry of final judgment.
 
 
 4
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)