107 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tammie WAGGONER, Plaintiff-Appellant,
v.
Terry STEWART, Director, Arizona State Prison Complex; Dale
Copeland, Warden; Denise Andre, Deputy Warden;
Captain Hover, Defendants-Appellees.
 No. 96-16278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tammie Waggoner, an Arizona state prisoner, appeals pro se the district court's dismissal without prejudice of her 42 U.S.C. § 1983 action alleging that she was improperly placed in investigative detention, improperly disciplined, and several other claims. The district court dismissed the action on the grounds that Waggoner had failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134 (to be codified at 42 U.S.C. § 1997(e)). Waggoner concedes that she did not exhaust her administrative remedies.[1] Accordingly, we affirm the district court's judgment.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Waggoner contends that the district court should have stayed her civil rights action while she exhausted her administrative remedies. Cf. Alexander v. Arizona, 80 F.3d 376, 377 (9th Cir.1996). To the extent that a district court retains the discretion to stay such an action under the PLRA, we find no error in the district court's failure to do so here
 
 
 [2]
 Waggoner's "motion for enlargement of time to submit additional citations" as well as the accompanying citations are construed as a letter under Fed.R.App.P. 28(j) and shall be so filed