# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2819

_____

Robert Devine

*Plaintiff - Appellant*

v.

Warden Jeffie Walker; Sergeant Allen Sanders

*Defendants - Appellees*

Officer Cornell; Officer Hennesey; Lieutenant Barnes; John Doe, Officers 1-3
Miller County Jail

*Defendant*s

Nurse King

*Defendant - Appellee*

Miller County Jail

*Defendant*

Sheriff Jackie Runion

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

This case requires us to determine whether we have appellate jurisdiction to review a magistrate judge's stay order. Despite objecting to the magistrate judge's decision to halt his civil-rights action, *see* 42 U.S.C. § 1983, Robert Devine never had his objections considered by a district court. In the absence of a "decision[] of [a] district court[]," 28 U.S.C. § 1291, we dismiss the appeal for lack of jurisdiction.

I.

Devine filed a lawsuit against various officials of an Arkansas jail, where he had been held as a pretrial detainee. After he was transferred to a facility in Texas, some of the defendants moved to stay the case because of "the difficulty of scheduling [Devine's] out-of-state deposition in the [Texas prison] and associated travel and lodging expenses." Even though the case had already entered discovery, a magistrate judge granted the stay. *See* 28 U.S.C. § 636(b)(1)(A) (allowing district courts to "designate a magistrate judge to hear and determine any pretrial matter pending before the court").

Unhappy with the decision, Devine filed two documents with the district court. The first, "Plaintiff's Objection To defendants['] Motion To Stay[] . . . ," was a response to the stay *motion*. The second, filed the next day, was different. Captioned as a "Motion . . . For Relief from Magistrate Order," it set its sights on the stay *order* itself and in substance asked the district court to consider his objections filed the day before.

-2-

Despite receiving both documents, the district court never acted on them. Instead, it referred one back to the magistrate judge, who then denied relief. Other than a brief stop to consider and grant Devine's motion for in-forma-pauperis status on appeal, the district court has not touched the case since.

## II.

It is hardly unusual for a district court to refer a nondispositive "pretrial matter" to "a magistrate judge to hear and determine." 28 U.S.C. § 636(b)(1)(A). What is unusual is that, apparently due to some confusion over the nature of Devine's pro-se filings, the district court never "consider[ed]" the "timely objections" he raised to the magistrate judge's stay order. Fed. R. Civ. P. 72(a).

The Federal Rules of Civil Procedure make this step mandatory. Once objections are filed, "[t]he district judge in the case *must* consider [them] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* (emphasis added). As long as Devine filed objections, in other words, the district court had no choice but to consider them.

Together, the two documents laid out Devine's objections and made clear that he wanted the district court to deal with them. The first document, though aimed at the stay *motion*, explained why he believed a stay would be problematic. Then, by referencing the 14-day period for filing objections to the magistrate judge's order and "pray[ing] that the [c]ourt would grant" them, the second document directed the district court's attention to the objections he had just filed. Although two-part objections are uncommon, construing his pro-se filings liberally, as we must, we conclude that he did enough to put them before the district court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) (observing that courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize [it]" so as "to avoid inappropriately stringent application of formal labeling requirements").

-3-

It may not be obvious why this mix-up between a magistrate judge and a district court has anything to do with *our* jurisdiction. The reason is that, absent certain exceptions, our review is limited in these types of cases to "decisions of the district courts," 28 U.S.C. § 1291; *see United States v. Haley*, 541 F.2d 678, 678 (8th Cir. 1974), and "we do not have jurisdiction to hear a direct appeal of a magistrate judge's order on a nondispositive pretrial matter,"[1] *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005). So, for example, we have already held that we lack jurisdiction when a party fails to object to a magistrate judge's pretrial order and tries to appeal anyway. *See, e.g.*, *McDonald v. City of Saint Paul*, 679 F.3d 698, 709 (8th Cir. 2012); *Haley*, 541 F.2d at 678; *Daley*, 415 F.3d at 893 n.9. It is true that this case may have "leapfrog[ged]" the district court for an altogether different reason: administrative oversight, not a failure to object. *Daley*, 415 F.3d at 893 n.9 (quotation marks omitted). But the fact still remains that, without a "decision[] of [a] district court[]," 28 U.S.C. § 1291, we lack jurisdiction to proceed any further.[2] *See Haley*, 541 F.2d at 678.

---

[1]Even if the stay motion were really "a motion for injunctive relief" rather than a nondispositive "pretrial matter," 28 U.S.C. § 636(b)(1)(A); *see Swanson v. DeSantis*, 606 F.3d 829, 832 (6th Cir. 2010), it would make no difference on these facts. We would still lack a "decision[] of [a] district court[]" to review. 28 U.S.C. § 1291; *see also id.* § 1292(a)(1) (authorizing appellate jurisdiction over "[i]nterlocutory orders *of the district courts* of the United States" that "grant[] . . . injunctions" (emphasis added)).

[2]In light of this conclusion, it is unnecessary for us to decide whether the stay order is an appealable *final* judgment. *See* 28 U.S.C. § 1291 (authorizing jurisdiction over "*final* decisions of the district courts" (emphasis added)); *see also Peterson v. Nadler*, 452 F.2d 754, 755–56 (8th Cir. 1971) (per curiam), *abrogated in part on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989).

## III.

We accordingly dismiss Devine's appeal.

_____