# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-1673

_____

Jessica Vanicek, Personal Representative of the Estate of Ryan T. Vanicek

*Plaintiff - Appellant*

Thomas Vanicek, Individually, and Parents of the Deceased, Ryan T. Vanicek;
Karen Vanicek, Individually, and Parents of the Deceased, Ryan T. Vanicek;
Tamara Witzel, Stepdaughter of the Deceased, Ryan T. Vanicek

*Plaintiff*s

v.

Lyman-Richey Corporation, doing business as Central Sand and Gravel Company

*Intervenor Plaintiff - Appellee*

v.

Kenneth E. Kratt; Sandair Corporation

*Defendants - Appellees*

_____

No. 25-1565

_____

Jessica Vanicek, Personal Representative of the Estate of Ryan T. Vanicek

*Plaintiff - Appellant*

Thomas Vanicek, Individually, and Parents of the Deceased, Ryan T. Vanicek;
Karen Vanicek, Individually, and Parents of the Deceased, Ryan T. Vanicek;

Tamara Witzel, Stepdaughter of the Deceased, Ryan T. Vanicek

*Plaintiff*s

v.

Lyman-Richey Corporation, doing business as Central Sand and Gravel Company

*Intervenor Plaintiff - Appellee*

v.

Kenneth E. Kratt; Sandair Corporation

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 14, 2025
Filed: July 22, 2025

_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

After her husband was killed in a traffic accident, Jessica Vanicek[1] sued Kenneth Kratt, who was driving the tractor trailer that caused the accident, and Sandair Corporation, for whom Kratt was driving. After her husband's employer, Lyman-Richey Corporation, intervened under Nebraska's worker's compensation

_____

[1]For the sake of clarity, we refer to plaintiff-appellant's husband by his first name (Ryan) and to plaintiff-appellant, both individually and together with her husband's estate, by her last name (Vanicek).

-2-

statute, a magistrate judge[2] struck Vanicek's claim for punitive damages and denied her leave to amend her complaint.  The district court[3] then granted Lyman-Richey's motion to compel a settlement over Vanicek's objection and ordered the funds to be deposited with the court without post-judgment interest.  Vanicek now appeals, raising multiple points of error.  We dismiss for lack of jurisdiction the appeal with respect to the denial of the motion to amend.  Otherwise, having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

While he was driving home from a work assignment for Lyman-Richey, a tractor-trailer slammed into the back of Ryan Vanicek's pickup truck on Interstate 80 in Buffalo County, Nebraska.  Kratt was driving the tractor-trailer on behalf of Sandair.  Ryan was critically injured and showed no signs of consciousness when pulled from his truck, although his medical records later included a notation that said "combative."  He was transported to a nearby hospital, but after several hours with no improvement, the hospital withdrew care.  Ryan died later that night.

Invoking the district court's diversity jurisdiction, see 28 U.S.C. § 1332, Vanicek brought a wrongful death and survival action against Kratt and Sandair and soon amended her complaint to add claims for negligent infliction of emotional distress on behalf of Ryan's mother, father, and unadopted stepdaughter.  In addition to compensatory damages, Vanicek asserted a claim for punitive damages under California law, see Cal. Civ. Code § 3294, as Kratt is a California resident and Sandair a California corporation.  Lyman-Richey soon intervened as a plaintiff under the Nebraska Worker's Compensation Act, see Neb. Rev. Stat. § 48-118, which

---

[2]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska, presiding over certain pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

[3]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

grants an employer subrogation rights in any action for which the employer has distributed worker's compensation benefits. At the time this appeal was filed, Lyman-Richey had dispensed almost $300,000 in benefits to Vanicek.

In their answer to the amended complaint, Kratt and Sandair admitted liability for Ryan's death but moved to strike the claim for punitive damages. Although a California resident and corporation, respectively, they asserted that Nebraska law applied to the dispute and that, under Nebraska law, punitive damages were unavailable. The district court referred the issue to a magistrate judge, who granted the motion in part. The magistrate judge concluded that Nebraska law applied because the accident occurred in Nebraska and Ryan and his family were Nebraska residents. See generally Atl. Mar. Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 65 (2013) (reiterating that federal courts sitting in diversity ordinarily must apply the choice-of-law rules of the forum state); O'Brien v. Cessna Aircraft Co., 903 N.W.2d 432, 459 (Neb. 2017) (applying the "most significant relationship" test from Restatement (Second) of Conflicts of Law § 145 (A.L.I. 1971)). Because Nebraska law does not provide for punitive damages, see Distinctive Printing & Packaging Co. v. Cox, 443 N.W.2d 566, 574 (Neb. 1989), the magistrate judge struck Vanicek's claim but left open the possibility that she could reassert it "in the unlikely event discovery . . . provide[d her] with additional evidence establishing a legitimate basis for California law to apply." Vanicek filed an objection to the order with the district court, but her objection was overruled. Discovery commenced, and the district court subsequently granted summary judgment to the defendants and dismissed each of the claims for negligent infliction of emotional distress.

Around the same time, Vanicek moved to amend her complaint, seeking to reassert her claim for punitive damages. The district court again referred the issue to the magistrate judge. The magistrate judge noted that Vanicek was merely attempting to "relitigate the same issue using the same legal arguments advanced by [her] earlier briefs." The magistrate judge thus denied Vanicek's motion for leave to amend. Here, however, Vanicek did not file an objection with the district court.

-4-

With the punitive damages claim struck and the negligent infliction of emotional distress claims dismissed, Vanicek was the sole remaining plaintiff, and the sole remaining claims were her individual survival claims, the estate's wrongful death claims, and Lyman-Richey's subrogation claim. Sandair and Kratt then moved for partial summary judgment on the estate's claims for pre- and post-impact damages, but the district court denied the motion, reasoning that the evidence, while scant, was sufficient for a jury to find that Ryan suffered some pre- and post-impact fear, apprehension, or pain and suffering.

While that motion was pending, however, Lyman-Richey filed a motion to determine the fairness and reasonableness of a proposed settlement for $5 million and to compel settlement on that basis. See Neb. Rev. Stat. § 48-118.01 (granting subrogee employer an "equal voice in the claim"); id. § 48-118.04(1)(b) (permitting settlement of such claims if the "settlement offer is fair and reasonable"). Over Vanicek's opposition, the district court granted Lyman-Richey's motion. Based on several expert reports opining on the range of economic damages and the potential recovery from a jury, as well as Sandair's remaining insurance policy limits, the district court concluded that $5 million was fair and reasonable. While the district court first gave Vanicek and Lyman-Richey an opportunity to decide how to allocate the settlement funds, the district court later entered an order allocating to Lyman-Richey "the total sum it has paid in worker's compensation benefits to Vanicek[]," leaving Vanicek with "the remaining balance of the $5 million settlement amount." She then appealed, challenging the denial of her motion to amend her complaint and the approval of the proposed settlement.[4]

After the district court compelled the settlement, Sandair and Kratt made multiple attempts to pay the settlement funds to Vanicek and Lyman-Richey. During the 15 months after the order compelling settlement, and the 11 months after the order allocating the funds, Vanicek repeatedly declined to provide payment

_____

[4]This appeal was docketed in this Court as Jessica Vanicek, et al. v. Lyman-Richey Corp., et al., No. 24-1673.

-5-

information and failed to complete the required probate process in state court. Eventually, Sandair and Kratt moved for leave to deposit the settlement funds with the court under Federal Rule of Civil Procedure 67. Though not objecting, Vanicek asserted that Sandair and Kratt were liable for post-judgment interest under 28 U.S.C. § 1961, running from the date the district court compelled the settlement. After further briefing from the parties, the district court granted the defendants' motion and rejected Vanicek's request for post-judgment interest. Assuming § 1961 applied to a court-compelled settlement, the district court concluded that Vanicek was estopped from claiming post-judgment interest because "the sole cause of the delay in payment was the dilatory conduct of [Vanicek's] counsel." Vanicek then appealed that order[5] and, after oral argument in the first appeal, moved to consolidate the appeals. We granted that motion and now address Vanicek's claims of error.

## II.

Vanicek first appeals the denial of her motion to amend her complaint to reassert a punitive damages claim, but she did not file an objection with the district court. "[I]f a party fails to file with the district judge timely objections to an order of a magistrate judge on a non[-]dispositive pretrial motion, such party 'may not thereafter assign as error a defect in the magistrate judge's order.'" Daley v. Marriott Int'l, Inc., 415 F.3d 889, 893 n.9 (8th Cir. 2005) (quoting Fed. R. Civ. P. 72(a)). A motion to amend a complaint is a "non-dispositive pretrial motion," and "where, as here, the parties did not consent to final disposition by a magistrate judge under 28 U.S.C. § 636(c), we do not have jurisdiction to hear a direct appeal of a magistrate judge's order on a non[-]dispositive pretrial matter." See id.; Devine v. Walker, 984 F.3d 605, 607-08 (8th Cir. 2020) (noting that our review is limited to decisions from district courts).

---

[5]This second appeal was docketed in this Court as Jessica Vanicek, et al. v. Kenneth Kratt, et al., No. 25-1565.

-6-

Vanicek does not dispute that she failed to object to the magistrate judge's order in the district court or that she is challenging that specific order on appeal.  See Appellant Br. 22, No. 24-1673 (listing "[t]he denial of [Vanicek's] motion for leave to file a second amended complaint" as the ruling presented for review).  "[W]ithout a 'decision[] of [a] district court[],' we lack jurisdiction to proceed any further." Devine, 984 F.3d at 608 (alterations in original) (citation and footnote omitted) (dismissing for lack of jurisdiction where deficiency was due to "administrative oversight").  Vanicek "is challenging an order from a magistrate judge, not from the district court."  See United States v. Becerra, 73 F.4th 966, 973 (8th Cir. 2023).

Vanicek argues that neither Daley nor Rule 72(a) is controlling here because "a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate[ judge's] recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired."  See Thomas v. Arn, 474 U.S. 140, 155 (1985).  Under Thomas, these court-adopted rules require "clear notice to the litigants and an opportunity to seek an extension of time for filing objections," id., which Vanicek asserts were not afforded to her.  Thomas does not apply here.  That case addressed whether a court could "exercise its supervisory powers" to establish such a rule without running afoul of the Federal Magistrate's Act, 28 U.S.C. § 636.  Id. at 142, 146-48.  Our lack of jurisdiction, however, does not derive from a court-made rule; it stems from the Federal Rules of Civil Procedure, which are lawfully promulgated and have the force and effect of law under the Rules Enabling Act of 1934.  See 28 U.S.C. §§ 2071-72. Thus, the limits of this Court's supervisory authority are not tested in this case. Because Rule 72(a) controls the scope of our review, we lack jurisdiction to consider the merits of Vanicek's argument.  Her appeal of the denial of her motion to amend her complaint is dismissed.

III.

In contrast, we have jurisdiction to address her challenge to the approval of the settlement.  We review a district court's approval of a proposed settlement for

an abuse of discretion.  See In re Int'l House of Pancakes Franchise Litig., 487 F.2d 303, 304 (8th Cir. 1973); see also Kramer v. Cash Link Sys., 715 F.3d 1082, 1086 (8th Cir. 2013) (noting that the standard of review is a procedural issue governed by federal law even when the Court sits in diversity jurisdiction).  Under this standard, we afford "considerable deference . . . to the district court's approval of a settlement."  Marshall v. Nat'l Football League, 787 F.3d 502, 508 (8th Cir. 2015) (addressing approval of a global settlement over objection in class-action context).  In doing so, "[w]e ask whether the [d]istrict [c]ourt considered all relevant factors, whether it was significantly influenced by an irrelevant factor, and whether in weighing the factors it committed a clear error of judgment."  Id. (first alteration in original) (citation omitted).

In Nebraska, "an employer who has paid workers' compensation benefits to an employee injured as a result of the actions of a third party [has] a subrogation interest against payments made by the third party."  Kroemer v. Omaha Track Equip., LLC, 898 N.W.2d 661, 665 (Neb. 2017); Neb. Rev. Stat. § 48-118.01.  The "settlement of a third-party claim is void under § 48-118.04(1) unless the settlement is . . . determined by the court to be fair and reasonable."  Id.  To determine whether a settlement is "fair and reasonable," courts must consider "'liability, damages, and the ability of the third person and his or her liability insurance carrier to satisfy any judgment.'"  Id. (quoting Neb. Rev. Stat. § 48-118.04(1)(b)).  Sandair and Kratt admitted liability for Ryan's death, so the district court's analysis focused on the appropriate measure of damages and the defendants' ability to satisfy any judgment.

A.

On recoverable damages, Vanicek makes two broad arguments: (1) that the district court erroneously relied on Lyman-Richey's and the defendants' experts for valuing the damages claim, and (2) that the district court should not have resolved apparent factual disputes that are reserved for the jury.

Vanicek's challenges to the expert witnesses boil down to disagreements with how the court resolved the dispute between her experts and those offered by Lyman-Richey and the defendants. Vanicek and the defendants both presented experts to estimate the value of economic loss stemming from Ryan's death, and Vanicek and Lyman-Richey presented experts to estimate a reasonable settlement range. On appeal, Vanicek argues that the defendants' damages expert miscalculated loss by erroneously assuming that Ryan did not graduate high school. Critically, however, the defendants' expert only did so because Vanicek's expert stated that he made that same assumption, and the defendants' damages expert based his opinion on that initial report. Vanicek knew of this mistake, acknowledging that the report "must be updated" to "correc[t] the know[n] education level error." But she never moved to file an updated version, nor did she seek to hold the settlement motion in abeyance or have the district court reconsider its analysis after it rendered its decision. The fact that the error stems from her own mistake, as well as her failure to correct the problem, is fatal to her claim of error. See Crowell v. Campbell Soup Co., 264 F.3d 756, 760 (8th Cir. 2001) (noting that a court does not abuse its discretion by ruling on a summary judgment motion if a party "seeks neither a continuance nor further discovery").

Vanicek next challenges the district court's reliance on Lyman-Richey's expert's valuation of her claims. The district court implicitly relied on Lyman-Richey's expert—a 40-year veteran of Nebraska trial practice—based in part on its rejection of Vanicek's expert, who is the son of Vanicek's attorney and practices law at the same firm. The court further noted that, unlike Lyman-Richey's expert, Vanicek's expert lacked experience in Nebraska courts. "The court's decision not to rely on an expert opinion is not clear error unless it leaves us with a definite and firm conviction a mistake has been made." Buchl v. Gascoyne Materials Handling & Recycling, L.L.C., 100 F.4th 950, 962 (8th Cir. 2024); see also Am. Milling Co. v. Tr. of Distr. Tr., 623 F.3d 570, 574-75 (8th Cir. 2010). This is particularly true where the decision rests on the expert's credibility. See Buchl, 100 F.4th at 962 ("[T]he reviewing court must give due regard to the trial court's opportunity to judge

the witnesses' credibility." (quoting Fed. R. Civ. P. 52(a)(6))).  In these circumstances, the district court did not clearly err in rejecting Vanicek's valuation.

Vanicek also asserts that the district court should not have resolved the apparent dispute over pre- and post-impact damages, such as fear and apprehension or pain and suffering.  In denying the defendants' motion for partial summary judgment, the district court held that there remained a genuine dispute over those damages.  Vanicek asserts that because a jury could decide in her favor, the district court should not have weighed in on the issue.  However, while a district court could not weigh the evidence when deciding a motion for summary judgment, the court could do so when evaluating the likelihood and value of potential damages for the purposes of Neb. Rev. Stat. § 48-118.04.  See Kroemer, 898 N.W.2d at 665.  Whether there remains a genuine factual dispute is thus not dispositive of a settlement's fairness and reasonableness.  After reviewing that evidence, the district court concluded that a jury would be unlikely to award damages for pre-impact fear and apprehension or post-impact pain and suffering and made its factual findings on that basis.  "[A] reasonable interpretation of conflicting evidence . . . cannot constitute clear error," Diamonds Plus, Inc. v. Kolber, 960 F.2d 765, 769 (8th Cir. 1992), and Vanicek points to nothing more than a reasonable interpretation with which she happens to disagree.  That is insufficient to show that the district court abused its discretion in evaluating the sum of recoverable damages.[6]

---

[6]Vanicek also asserts that the district court failed to consider damages for loss of society, comfort, and companionship.  She never raised the issue in the district court, however, nor did she submit or point to any evidence in support.  She has thus waived the issue on appeal by failing to argue it below.  See Cromeans v. Morgan Keegan & Co., 859 F.3d 558, 568 n.5 (8th Cir. 2017).  Even if we were to excuse this waiver, we cannot say that the district court abused its discretion by failing to address the issue *sua sponte*.  Cf. Crowell, 264 F.3d at 760.

B.

Regarding the defendants' ability to cover the settlement, the district court noted that Sandair's remaining liability insurance policy limit would only cover just over $5.4 million. Moreover, Vanicek's claim was not the only one arising from the accident, so Sandair still had to cover those potential damages as well as associated fees and expenses. In response, Vanicek pointed to Sandair's payroll, which exceeded $22 million, and Sandair's fleet of tractors and trailers. Importantly, however, Vanicek pointed to no evidence that Sandair had any source of money besides its insurance policy from which it could cover the settlement. Likewise, she offered no evidence that any of Sandair's tangible assets could be attached to satisfy any judgment. On appeal, Vanicek does not challenge the district court's factual findings in this regard. Instead, she asserts that the district court improperly shifted the burden of proving Sandair's ability to satisfy any judgment from Lyman-Richey to herself. This argument affords Vanicek no relief.

First, Vanicek did not argue this point in the district court either explicitly or implicitly, so she has waived the issue on appeal. See Cromeans, 859 F.3d at 568 n.5. Even if she had,[7] Lyman-Richey would have carried its burden as it presented evidence that Sandair's remaining insurance policy limits would cover the proposed settlement by only several hundred thousand dollars, not including other related claims and associated fees. Vanicek offered no evidence to rebut that proof. Although she pointed to Sandair's assets and payroll, there is no evidence that they could be used to satisfy a judgment arising from this incident. Without any evidence undermining Lyman-Richey's contention, we cannot say that Lyman-Richey would not have carried its purported burden, and Vanicek's argument must fail.

Vanicek also suggests that Lyman-Richey's subrogation interest was not at risk given the minimum estimated value of her claim. This point is not only

---

[7]This also requires us to assume that she is correct that Lyman-Richey bears the burden of proof. But see Neb. Rev. Stat. § 48-118.01 (mandating that subrogee employer "shall have an *equal* voice in the claim" (emphasis added)).

irrelevant for purposes of analyzing the fairness and reasonableness of the proposed settlement, see Neb. Rev. Stat. § 48-118.04(1)(b) (requiring a court to consider three factors: "liability, damages, and the ability of the third person and his or her liability insurance carrier to satisfy any judgment"), but also improperly assumes that the jury would have returned a verdict in excess of Lyman-Richey's subrogation interest. With no guarantee that a jury would do so, "[w]e cannot fault [Lyman-Richey] for declining to take this gamble," see Kroemer, 898 N.W.2d. at 666.

After careful review of the record before the district court as developed by the parties, we are satisfied that the district court "considered all relevant factors [from § 48-118.04(1)(b)]," was not "significantly influenced by an irrelevant factor," and did not "commit[] a clear error of judgment" in weighing those factors. See Marshall, 787 F.3d at 508 (citation omitted). Accordingly, the district court did not abuse its discretion in approving the settlement as fair and reasonable.

IV.

Finally, in the consolidated appeal, Vanicek argues that she is entitled to post-judgment interest. The district court concluded that Vanicek was estopped from receiving such interest, however, because of her attorney's[8] "repeated failures to provide information necessary to make payment and repeated delays in jumping through 'hoops' to effect [the] settlement," concluding that such conduct "suggest[ed] an intent to delay and obstruct payment of the settlement." Vanicek does not reference this holding on appeal: the word "estoppel" appears nowhere in her briefs. At most, her arguments focus on the denial of a motion to stay operation of judgment—which the district court denied—but she has not appealed that issue. She only challenges the denial of post-judgment interest, and she makes no meaningful argument contesting the district court's determination. Because she has

---

[8]This was not the first time Vanicek's attorney drew the ire of the district court, which went so far as to repeatedly and explicitly raise "concerns . . . regarding the adequacy of [Vanicek]'s representation in th[e] case."

-12-

failed to "meaningfully argue[]" the issue, any claim of error is waived.[9]  See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007).[10]

V.

For these reasons, we dismiss Vanicek's appeal with respect to denial of her motion to amend her complaint and otherwise affirm the district court's judgment.

_____

---

[9]The district court also held that the compelled settlement did not qualify as a "money judgment" subject to post-judgment interest.  See 28 U.S.C. § 1961(a). Because Vanicek is estopped from receiving any interest, we need not decide whether the district court was correct, see, e.g., Reynolds v. Ala. Dep't of Transp., No. 2:85-CV-665-MHT, 2006 WL 3063463, at *1 (M.D. Ala. Oct. 27, 2006) ("[Section] 1961 does not apply to settlements"), or whether a court-approved settlement is a "money judgment" within the meaning of § 1961(a), see Linneman v. Vita-Mix Corp., 970 F.3d 621, 635-36 (6th Cir. 2020) (applying § 1961(a) to attorneys' fees in a court-approved settlement).  See also Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984) (per curiam) (holding that § 1961(a) "does not differentiate between stipulated judgments and other judgments"); Childress v. DeSilva Auto. Servs., LLC, 494 F. Supp. 3d 1163, 1172-73 (D.N.M. 2020) (concluding that § 1961(a) "applies to [R]ule 68 settlement agreements").

[10]Vanicek lists several additional issues for review in the consolidated appeal. To the extent these are not waived by her failure to present meaningful argument, see Ahlberg, 481 F.3d at 638, they are irrelevant, moot, or meritless.